UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RANDALL SCOTT LAFONTAINE, JR. PLAINTIFF

VERSUS CIVIL ACTION NO. 1:20CV333-RPM

GEORGIA SHELBY et al DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randall Scott LaFontaine, Jr., proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging excessive force and unconstitutional conditions of confinement at the South Mississippi Correctional Institution (SMCI). At the time he filed the complaint, Plaintiff was in the custody of the Mississippi Department of Corrections (MDOC). Doc. [30] at 9. On April 7, 2023, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to initiating this lawsuit. Doc. [34]. Plaintiff has not filed a response in opposition to the motion.

**Law and Analysis**

**Standard of Review**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the

parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Failure to Exhaust**

The Court finds that Plaintiff's complaint should be dismissed without prejudice as to all claims and all Defendants based on his failure to fully exhaust administrative remedies prior to filing this lawsuit. Exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he exhaustion requirement hinges on the 'availab[ility]' of administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (alteration in original). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. at 1859. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Mississippi Code grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. The MDOC has implemented an Administrative Remedy Program (ARP) through which prisoners may seek

formal review of a complaint or grievance relating to any aspect of their incarceration. Effective September 19, 2010, the ARP is a two-step process. *See Yankton v. Epps*, 652 Fed.Appx. 242, 245 (5th Cir. 2016); *Threadgill v. Moore*, No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011). The two-step ARP process begins when the inmate submits his written grievance to the prison's legal claims adjudicator within 30 days of the incident of which he complains. The adjudicator screens the grievance and determines whether to accept it into the ARP process; if accepted, the grievance is forwarded to the appropriate official for a First Step Response. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. 2013). If the inmate is dissatisfied with the First Step Response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims' adjudicator. The Superintendent, Warden or Community Corrections Director issues the final ruling (the Second Step Response). If the inmate remains unsatisfied, he may then file suit in court. The ARP process is complete once the inmate receives the prison official's Second Step Response. *Gross v. Hall*, No. 3:17-cv-494-CWR-FKB, 2019 WL 4397347, at *2 (S.D.Miss. Aug. 2, 2019).

At the screening hearing, Plaintiff admitted that he did not file grievances as to any of his claims except for the excessive-force claim. Doc. [30] at 19-20. Thus, by his own admission, the majority of his claims should be dismissed on this basis alone. With respect to the excessive-force claim, Plaintiff testified that the incident occurred on or about January 15, 2020, and that he filed a grievance on or about January 17, 2020. *Id.* at 9, 31. He further testified that he did not receive a response to his initial grievance. *Id.* at 19. Plaintiff admits he did not proceed to the second step; therefore, he did not complete the grievance process. Where the available remedy procedure has more than one step, a prisoner has not exhausted his remedies until he has completed each of the steps. *See Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019); *Dillon*,

596 F.3d at 265-66. Under MDOC's grievance procedures, a prisoner who does not receive a timely response to his initial ARP grievance may proceed to the second step, and he must do so to exhaust his claim. *See Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015); *Patterson v. Doe*, No. 3:19-CV-616-HTW-LRA, 2020 WL 8766066, at *3 (S.D.Miss. Dec. 8, 2020). Assuming arguendo that Plaintiff filed an initial grievance related to the excessive-force claim, it is clear he did not proceed to the second step. Contrary to Plaintiff's assertions, Paul R. Pennington, Jr. Director of ARP, submitted an affidavit stating that there is no record of Plaintiff submitting a grievance related to excessive force at any time during or after January 2020. Doc. [34-2]. Although Plaintiff filed a grievance on April 8, 2020, related to the events of January 15, 2020; this grievance merely appealed a Rules Violation Report against Plaintiff for possession of a cellphone and did not mention any use of force, excessive or otherwise, by correctional officers.[1] *See* Doc. [34-3].

Based on the foregoing, the undersigned finds that Plaintiff failed to exhaust administrative remedies prior to initiating litigation. Plaintiff did not file a response in opposition to Defendants' motion for summary judgment and therefore has not presented any evidence to dispute or contradict Defendants' evidence demonstrating a failure to fully exhaust. His conclusory and unsubstantiated assertion that he initiated the grievance procedure on the excessive-force claim is insufficient to overcome Defendants' summary-judgment evidence. *Ryan v. Phillips*, 558 F.App'x 477, 478 (5th Cir. 2014). Based on the foregoing, the Court finds Defendants' motion for summary judgment should be granted without prejudice as to all claims and all Defendants based on Plaintiff's failure to exhaust.

[1] Plaintiff's grievance dated April 8, 2020, mentioned that he was put in the "holding tank" for 24 hours without food or bathroom access (Doc. [34-3] at 4); however, at the hearing, he admitted that he suffered no injury from the conditions in the "holding tank." Doc. [30] at 25. Having suffered no injury, he fails to state a constitutional claim for money damages. *See Alexander*, 351 F.3d at 630-31.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [34] Motion for Summary Judgment is GRANTED, such that his complaint is dismissed without prejudice as to all Defendants.

SO ORDERED AND ADJUDGED, this the 3rd day of August 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE